# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 13, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JAMES SEYLAZ, | * | |
| | * | No. 18-733V |
| Petitioner, | * | |
| | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Phyllis Widman*, Widman Law Firm, LLC, Northfield, NJ, for Petitioner.
*James Lopez*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 23, 2018, James Seylaz ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. § 300aa-10 et seq. (2012). Petitioner alleged that the influenza ("flu") vaccine he received on October 16, 2017, caused him to develop Guillain-Barré Syndrome ("GBS"). Pet. at 1, ECF No. 1. On December 14, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on December 17, 2021. ECF Nos. 64, 65.

On January 19, 2022, Petitioner filed a motion for final attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 70. Petitioner requests total attorneys' fees and costs in the amount of **$41,888.08**, representing **$32,157.50** in attorneys' fees and **$9,730.58** in attorneys' costs. *Id.* at 3. Pursuant to General Order No. 9, Petitioner indicated that he has not personally incurred any costs in pursuit of his claim. Pet'r's Mot. for AFC, Ex. D, ECF No. 70-4. Respondent filed his response on January 21, 2022,

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, ECF No. 71. Petitioner did not file a reply thereafter. This matter is now ripe for consideration.

### I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera,* 515 F.3d at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners in the Program bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, and 2022 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel, Ms. Phyllis Widman: $300.00 per hour for work performed in 2017; $350.00 per hour for work performed in 2018–2019; $375.00 per hour for work performed in 2020–2021; and $400.00 per hour for work

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*. *See* 2015 WL 5634323.

performed in 2022. *See* Pet'r's Mot. for AFC, Ex. A at 1–15, ECF No. 70-1. The rates requested are consistent with what Ms. Widman has previously been awarded for her Vaccine Program work, and I find them to be reasonable herein based on her overall years of experience practicing law and her experience practicing in the Program. *See Lewis v. Sec'y of Health & Hum. Servs.,* No. 15-941V, 2016 WL 5920739, at *5 (Fed. Cl. Spec. Mstr. Sept. 15, 2016) (noting that Ms. Widman has previously been determined to be entitled to in-forum rates and awarding $300 per hour for work performed in 2016–2017); *see also Maxwell v. Sec'y of Health & Hum. Servs.,* No. 16-827V, 2018 WL 5095119, at *2 (Fed. Cl. Spec. Mstr. Sept. 17, 2018) (awarding Ms. Widman $350 per hour for work performed in 2018); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (awarding Ms. Widman $375 per hour for work performed in 2020–2021).

    b.  **Reasonable Number of Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours). Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters,* 2022 WL 1077311, at *5 (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed. However, I find a slight reduction is necessary due to time billed for administrative tasks, including the review of CM/ECF entries and the filing of the petition. The entries that are administrative in nature during 2018 occurred on 5/23/2018 (3 entries totaling 0.3 hours);[4] 5/24/2018 (2 entries totaling 0.3 hours); 5/30/2018 (0.1 hours); 5/31/2018 (0.1 hours); 6/4/2018 (2 entries totaling 0.25 hours); 7/2/2018 (0.1 hours); 7/11/2018 (2 entries totaling 0.25 hours); 7/20/2018 (0.1 hours); 8/8/2018 (0.1 hours); 9/5/2018 (2 entries totaling 0.25 hours); 9/10/2018 (0.1 hours); 9/11/2018 (0.1 hours); 10/4/2018 (0.1 hours); 11/9/2018 (0.1 hours); and 11/13/2018 (0.15 hours), for a total of 2.4 hours or $840.00.

---

[4] This amount represents 0.2 hours of reviewing CM/ECF entries and approximately 0.1 hours of filing the petition. The 0.1 hours representing the filing of the petition is a reasonable estimation subtracted from the 0.8 total hours spent both finalizing and filing the petition.

The administrative tasks during 2019 occurred on 1/18/2019 (3 entries totaling 0.3 hours); 3/5/2019 (2 entries totaling 0.2 hours); 5/7/2019 (0.1 hours);[5] 5/15/2019 (0.15 hours); 5/22/2019 (0.1 hours); 5/25/2019 (0.1 hours); 6/6/2019 (2 entries totaling 0.2 hours); 6/7/2019 (0.1 hours); 7/15/2019 (0.1 hours); 7/23/2019 (0.1 hours); 8/15/2019 (0.1 hours); 9/13/2019 (0.1 hours); 10/1/2019 (0.1 hours); 10/3/2019 (0.1 hours); 10/7/2019 (0.1 hours); 11/12/2019 (0.1 hours); and 12/3/2019 (0.1 hours), for a total of 2.15 hours or $752.50.

In 2020 they occurred on 1/8/2020 (0.1 hours); 1/22/2020 (0.1 hours); 2/20/2020 (0.1 hours); 2/25/2020 (0.1 hours); 4/29/2020 (0.1 hours); 8/14/2020 (2 entries totaling 0.2 hours); 8/31/2020 (0.1 hours); 10/1/2020 (0.1 hours); 10/3/2020 (0.1 hours); 10/7/2020 (0.1 hours); 10/26/2020 (0.1 hours); 12/1/2020 (0.1 hours); and 12/16/2020 (2 entries totaling 0.2 hours), for a total of 1.5 hours or $562.50.

In 2021 they occurred on 1/5/2021 (0.1 hours); 3/5/2021 (0.1 hours); 3/29/2021 (0.1 hours); 4/28/2021 (2 entries totaling 0.2 hours); 5/20/2021 (2 entries totaling 0.2 hours); 5/26/2021 (0.1 hours); 5/27/2021 (0.1 hours); 6/25/2021 (0.1 hours); 6/28/2021 (0.1 hours); 7/7/2021 (3 entries totaling 0.3 hours); 8/23/2021 (0.1 hours); 8/24/2021 (0.1 hours); 9/8/2021 (0.1 hours); 12/3/2021 (0.1 hours); 12/6/2021 (0.1 hours); 12/14/2021 (0.1 hours); 12/17/2021 (0.15 hours); and 12/22/2021 (2 entries totaling 0.2 hours), for a total of 2.35 hours or $881.25. Finally, in 2022, they occurred on 1/5/2022 (0.1 hours), for a total of $40.00. This results in a total reduction of 8.5 hours or $3,076.25. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$29,081.25**.

c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of **$9,730.58** in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and expert fees. Pet'r's Mot. for AFC at 3. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience. *See* Pet'r's Mot. for AFC, Exs. B, C, ECF Nos. 70-2–70-3. Accordingly, Petitioner is awarded the full amount of costs sought.

II.     **Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for final fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| Final Attorneys' Fees Requested | $32,157.50 |
|---|---|
| (Reduction to Fees) | -$3,076.25 |
| **Final Attorneys' Fees Awarded** | **$29,081.25** |
| | |

---

[5] This amount represents 0.1 hours to review the CM/ECF entry. The remaining 0.3 hours shall be compensated for counsel's review of Respondent's Rule 4(c) report.

| Final Attorneys' Costs Requested | $9,730.58 |
|---|---|
| (Reduction of Costs) | - |
| **Final Attorneys' Costs Awarded** | **$9,730.58** |
| | |
| **Final Attorneys' Fees and Costs** | **$38,811.83** |

Accordingly, I award a lump sum in the amount of **$38,811.83** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Phyllis Widman, for final attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[6]

  **IT IS SO ORDERED.**

            s/Herbrina D. Sanders
            Herbrina D. Sanders
            Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.